UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVE WEAVER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Case No. 4:22-cv-00585-SEP |
| ) | |
| HEWITT-LUCAS BODY COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Default Judgment against Defendant Hewitt-Lucas Body Company, Inc. Doc. [7]. The Court grants the motion.

### BACKGROUND

Plaintiffs filed suit against Hewitt-Lucas on May 31, 2022, under the Employee Retirement Income Security Act, 29 U.S.C. § 1132, and the Labor Management Relations Act of 1947, 29 U.S.C. § 185, alleging that Hewitt-Lucas failed to make fringe-benefit contributions to the District Number 9, International Association of Machinists and Aerospace Workers Pension Trust. Doc. [1]. Though Hewitt-Lucas received service of process on June 3, 2022, Doc. [5], it has not filed a responsive pleading or entered an appearance. On June 30, 2022, the Clerk entered Hewitt-Lucas's default, Doc. [9], and Plaintiffs now move for default judgment, Doc. [7].

### STANDARD

Default judgments are not favored in the law, and prior to granting a default judgment, a court should satisfy itself that the moving party is entitled to judgment by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. *U.S. ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Monsanto v. Hargrove*, 2011 WL 5330674, at *1 (E.D. Mo. Nov. 7, 2011). Entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *See Johnson v. Dayton Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *Fingerhut Corp. v. Ackra Direct Marketing Corp.*, 86 F.3d 849, 852 (8th Cir. 1996).

After the Clerk's default has been entered, the defendant is deemed to have admitted all well pleaded facts contained in the complaint. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)); *see also* Fed. R. Civ. P. 8(b)(6). However, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted). While factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001); *Stephenson v. El-Batrawi*, 524 F.3d 907, 916-17 (8th Cir. 2008) (holding that district courts must provide detailed findings regarding damage calculations, even in default judgments, and "generic reference to evidentiary support for the damages determination" is insufficient); *see Painters Dist. Council 2 v. Grau Contracting, Inc.*, 2012 WL 2848708, at *1 (E.D. Mo. July 12, 2012) (applying this principle in an ERISA delinquent-contributions case).

## DISCUSSION

Pursuant to 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to recover all of the principal contributions owed, plus liquidated damages totaling up to 20% of the delinquency, interest, attorneys' fees, and costs. Plaintiffs must prove their actual damages to a "reasonable degree of certainty." *Painters Dist. Council No. 2 v. Diversified Drywall Sys., Inc.*, 2012 WL 6740650, at *2 (E.D. Mo. Dec. 31, 2012) (citing *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001)). Plaintiffs may prove their damages through sworn affidavits and supporting documentation. *SSM Managed Care Org., L.L.C. v. Comprehensive Behavioral Care, Inc.*, 2014 WL 1389581, at *2-4 (E.D. Mo. Apr. 9, 2014). If damages are ascertainable, the Court may determine the amount without a hearing based on the evidence in the record. *See Stephenson*, 524 F.3d at 915-16.

In the Complaint, Plaintiffs sought $10,315.10 in contributions unpaid between October 2019 through March 2022, "plus all unpaid amounts that will have become due subsequent to March 2022." Doc. [1] at 4. Plaintiffs then provided evidence of these damages—in addition to amounts unpaid through June 2022—with their Motion for Default Judgment and supporting documentation. Based on the affidavit of the trust's employee who bears the responsibly for "monitor[ing] and calculate[ing] the amounts owed and submitted by employers," Doc. [8-2], the attorney-fee affidavit, Doc. [8-1], the memorandum in support of the Motion for Default

2

Judgment, Doc. [8], and the other supporting documentation, Docs. [8-3], [8-4], [8-5], [8-6], [8-7],the Court finds that Plaintiffs have proven their damages to a reasonable degree of certainty.  The Court accepts as true the factual allegations contained in Plaintiffs' Complaint, together with the information presented in Plaintiffs' Motion for Default Judgment, affidavits, and memorandum in support as they relate to Plaintiffs' damages.

Under ERISA, 28 U.S.C. §§ 1132(g)(2), 1145, and under the applicable collective bargaining agreements, *see* Docs. [8-3] at 25, [8-4] at 25, [8-5] at 25, Hewitt-Lucas owes $11,122.80 in delinquent fringe-benefit contributions and $2,224.56 in liquidated damages. Docs. [8] at 2, [8-2].  Hewitt-Lucas must also pay "reasonable attorneys' fees and costs of the action."  28 U.S.C. § 1132(g)(2)(D).  Plaintiffs incurred $899.00 in attorneys' fees and $462.58 in court costs.  Docs. [8] at 2, [8-1].  Based on the evidence presented, the Court finds that the services performed by Plaintiffs' attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorneys' fees is reasonable.  *Greater Kansas City Laborers Pension Fund v. Thummel*, 738 F.2d 926, 931 (8th Cir. 1984).  Hewitt-Lucas owes Plaintiffs, in total, $14,708.94.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment, Doc. [7], is **GRANTED**.  The Court enters judgment accordingly.

Dated this 29th day of September, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE